UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DERRICK DUGAN,

    Petitioner,

    v.      CAUSE NO. 3:21-CV-561-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Derrick Dugan, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-7-44) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possession of altered property in violation of Indiana Department of Correction Offense 228. Following a hearing, he was sanctioned with the loss of thirty days credit time.

Dugan argues that he is entitled to habeas relief because he did not receive adequate assistance from a lay advocate. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Dugan's filings demonstrate his literacy, and his charge of possessing altered property was not particularly complex. Therefore, the argument that he did not receive adequate assistance from a lay advocate is not a basis for habeas relief.

Dugan argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer demonstrated bias by declining to credit Dugan's testimony and the evidence submitted by him in his defense. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* The administrative record contains no indication that the hearing officer was personally involved with the discovery of the altered property that was the subject of conduct report against Dugan. Further, though the hearing officer may have declined to credit Dugan's testimony and evidence, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). As a result, the claim of improper bias is not a basis for habeas relief.

Dugan argues that he is entitled to habeas relief because the hearing officer did not provide a written findings of fact or present any of the documentary evidence against him. Procedural due process requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff v. McDonnell*, 418 U.S. 539, 564. (1974). "A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). Though

2

the hearing officer's explanation is not particularly detailed, it identifies the evidentiary basis for the finding of guilt and the reasons for the sanctions imposed and thus satisfies procedural due process. ECF 15-7. Further, the sole article of documentary evidence in the administrative record is the conduct report. According to the conduct report, Dugan received a copy on July 24, 2020. ECF 15-1. Therefore, this claim is not a basis for habeas relief.

If Dugan wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition (ECF 7);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Derrick Dugan leave to proceed in forma pauperis on appeal.

SO ORDERED on February 9, 2022

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
